**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

DANNY WEEKS and VICKI WEEKS,      )
                                  )
     Plaintiffs,             )
                                  )
v.                                )
                                  )     1:10-CV-602-MEF-TFM
WYETH,  INC.;  PFIZER,  INC.;  SCHWARZ  )
PHARMA, INC.; ACTAVIS ELIZABETH, LLC.;  )
and TEVA PHARMACEUTICALS USA,      )
                                  )
     Defendants.             )

**DEFENDANTS WYETH LLC AND PFIZER INC.'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

     Defendants Pfizer Inc. ("Pfizer") and Wyeth LLC (formerly known as "Wyeth, Inc.") ("Wyeth") (collectively "Defendants"), file this Answer to Plaintiffs Danny Weeks and Vicki Weeks's ("Plaintiffs") Complaint.

**PARTIES**

     1.     Defendants state that the allegations set forth in Paragraph 1 constitute a legal opinion or conclusion of fact to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 1.

     2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.  On that basis, Defendants deny the allegations in Paragraph 2.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.  On that basis, Defendants deny the allegations in Paragraph 3.

4.      Defendants admit that tardive dyskinesia is a syndrome consisting of potentially irreversible, involuntary, dyskinetic movements.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4. Except as so admitted, Defendants deny the allegations in Paragraph 4.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.  On that basis, Defendants deny the allegations in Paragraph 5.

6.      Defendants admit that Wyeth, Inc., which is now known as Wyeth LLC, was formed in Delaware and with a principal place of business in New Jersey.  Defendants admit that Wyeth LLC may be served at its principal place of business or through its registered agent. Except as so admitted, Defendants deny the allegations in Paragraph 6.

7.      Defendants admit that A. H. Robins Company, Inc. obtained FDA approval to market and distribute Reglan® in 1979.  Defendants further admit that A.H. Robins Company, Inc. was acquired out of bankruptcy by American Home Products Corporation ("AHPC"). Defendants further admit that A.H. Robins Company, Inc. merged into AHPC and ceased to exist as a separate entity.  Defendants further admit that AHPC changed its name to Wyeth on March 11, 2002.  Except as so admitted, Defendants deny the allegations in Paragraph 7.

8.      Defendants admit that Pfizer Inc. is a Delaware corporation with its principal place of business in New York.  Defendants further admit that Pfizer may be served at its

principal place of business or through its registered agent.  Defendants admit that Pfizer does business throughout the United States.  Except as so admitted, Defendants deny the allegations in Paragraph 8.

9.      Defendants admit that Pfizer acquired Wyeth, Inc., which is now known as Wyeth LLC.  Wyeth LLC is wholly-owned by Pfizer LLC, which is wholly-owned by Pfizer Inc. Defendants state that the agreement between these entities speaks for itself and deny any characterization.  The remaining allegations in Paragraph 9 are legal conclusions to which no response is required.  Except as so admitted, Defendants deny the allegations in Paragraph 9.

10.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.  On that basis, Defendants deny the allegations in Paragraph 10.

11.      Defendants admit that on or about December 27, 2001, Wyeth entered into an asset purchase agreement with Schwarz Pharma, Inc.  Defendants state that the agreement speaks for itself and deny any characterization.  Except as so admitted, Defendants deny the allegations against them in Paragraph 11.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 11.

12.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.  On that basis, Defendants deny the allegations in Paragraph 12.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.  On that basis, Defendants deny the allegations in Paragraph 13.

14.     Defendants admit that Pfizer Inc. does business throughout the United States, including in the State of Alabama. Defendants further admit that at certain times Wyeth, individually and/or through its unincorporated divisions or wholly owned subsidiaries, manufactured and distributed Reglan® and/or generic metoclopramide.  Except as so admitted, Defendants deny the allegations against them in Paragraph 14.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 14.

15.     The allegations in Paragraph 15 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that they may be served through their registered agents.  Except as so admitted, Defendants deny the allegations against them in Paragraph 15.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 15.

16.     Defendants admit that they are subject to personal jurisdiction in this Court. Except as so admitted, Defendants deny the allegations against them in Paragraph 16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 16.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.  On that basis, Defendants deny the allegations in Paragraph 17.

18.     The allegations in Paragraph 18 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Wyeth, Inc. which is now known as Wyeth LLC, was formed in Delaware and with a principal place of business in New Jersey. Defendants further admit that Pfizer Inc. is a Delaware corporation with its principal place of business in New York.  Except as so admitted, Defendants deny the allegations against them in Paragraph 18.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 18.

19.     The allegations in Paragraph 19 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit this court has subject matter jurisdiction to hear this case.  Defendants further admit that Plaintiffs seek an amount more than $75,000 in damages in this action, exclusive of interests and costs, but deny that Plaintiffs are entitled to recover any damages.  Except as so admitted, Defendants deny the allegations against them in Paragraph 19.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 19.

20.     The allegations in Paragraph 20 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in against them in Paragraph 20.  Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 20.

## PLAINTIFFS' FACTUAL ALLEGATIONS

21.      Defendants admit that metoclopramide is the generic name of Reglan®. Defendants admit that metoclopramide HCl is the active ingredient of Reglan® and/or generic metoclopramide, a dopamine antagonist. Defendants admit the allegations in Paragraph 21 as applied to the generic metoclopramide that they manufacture and distributed.   The remaining allegations in Paragraph 21 are a statement of definition to which no response is required. Except as so admitted, Defendants deny the allegations in Paragraph 21.

22.      Defendants admit that metoclopramide HCl is the active ingredient of Reglan® and/or generic metoclopramide, a dopamine antagonist. Defendants further admit that Reglan® and generic metoclopramide are prescription drugs approved for use in accordance with the FDA-approved prescribing information.  Defendants further admit that the FDA approved the prescribing information that accompanied the Reglan® and generic metoclopramide manufactured and distributed by Wyeth and/or its unincorporated divisions or wholly-owned subsidiaries.  Defendants further admit that the FDA-approved prescribing information speaks for itself and deny any characterization.   The remaining allegations in Paragraph 22 are a statement of definition to which no response is required.  Except as so admitted, Defendants deny the allegations in Paragraph 22.

23.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.  On that basis, Defendants deny the allegations in Paragraph 23.

24.     Defendants admit that the FDA-approved prescribing information identifies the side-effects associated with Reglan® and/or metoclopramide.  Defendants further admit that this information speaks for itself and deny any characterization.  Except as so admitted, Defendants deny the allegations in Paragraph 24.

25.     Defendants admit that the FDA-approved prescribing information identifies the side-effects associated with Reglan® and/or metoclopramide.  Defendants further admit that this information speaks for itself and deny any characterization.  Except as so admitted, Defendants deny the allegations in Paragraph 25.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.  On that basis, Defendants deny the allegations in Paragraph 26.

27.     Defendants deny the allegations against them in Paragraph 27.  Defendants are without knowledge or information sufficient to form a belief as to the truth allegations concerning other defendants or Plaintiff Danny Weeks's alleged use of Reglan® or generic metoclopramide.  On that basis, Defendants deny the remaining allegations in Paragraph 27.

28.     Defendants admit that the FDA-approved prescribing information identifies the side-effects associated with Reglan® and/or metoclopramide.  Defendants further admit that this information speaks for itself and deny any characterization.  Except as so admitted, Defendants deny the allegations in Paragraph 28.

29.     Defendants admit that the FDA-approved prescribing information identifies the side-effects associated with Reglan® and/or metoclopramide.  Defendants further admit that this information speaks for itself and deny any characterization.   Defendants are without knowledge

or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Danny Weeks's alleged use of Reglan® or generic metoclopramide.  Except as so admitted, Defendants deny the allegations in Paragraph 29.

30.     Defendants deny the allegations against them in Paragraph 30.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 30.

31.     Defendants admit that the FDA-approved prescribing information identifies the side-effects associated with Reglan® and/or metoclopramide.  Defendants further admit that this information speaks for itself and deny any characterization. Except as so admitted, Defendants deny the allegations in Paragraph 31.

32.     Defendants deny the allegations in Paragraph 32.

33.     Defendants deny the allegations in Paragraph 33.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 33.

34.     Defendants admit that Reglan® and generic metoclopramide are prescription drugs approved for use in accordance with the FDA-approved prescribing information. Defendants further admit that the FDA approved the prescribing information that accompanied the Reglan® and generic metoclopramide manufactured and distributed by Wyeth and/or its unincorporated divisions or wholly-owned subsidiaries.   Defendants admit that the FDA-approved prescribing information identifies the side-effects associated with Reglan® and/or metoclopramide.   Defendants further admit that the FDA-approved prescribing information

speaks for itself and deny any characterization.  Except as so admitted, Defendants deny the allegations in Paragraph 34.

35.     Defendants deny the allegations against them in Paragraph 35.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants or Plaintiff's alleged use of Reglan® or generic metoclopramide. On that basis, Defendants deny the remaining allegations in Paragraph 35.

36.     Defendants admit that the FDA-approved prescribing information identifies the side-effects associated with Reglan® and/or metoclopramide.  Defendants further admit that this information speaks for itself and deny any characterization. Except as so admitted, Defendants deny the allegations in Paragraph 36.

37.     Defendants admit that tardive dyskinesia is a syndrome consisting of potentially irreversible, involuntary, dyskinetic movements.  Defendants further admit that dystonia and stereotypy can be a manifestations associated with tardive dyskinesia.  Except as so admitted, Defendants deny the allegations in Paragraph 37.

38.     Defendants admit that dystonia can be a manifestation associated with tardive dyskinesia.  Except as so admitted, Defendants deny the allegations in Paragraph 38.

39.     Defendants admit that akathisia is a syndrome of motor restlessness that may consist of feelings of anxiety, agitation, jitteriness, and insomnia, as well as an inability to sit still, pacing, or foot tapping.  Except as so admitted, Defendants deny the allegations in Paragraph 39.

40.     Defendants admit that tardive dyskinesia is a syndrome consisting of potentially irreversible, involuntary, dyskinetic movements.   Except as so admitted, Defendants deny the allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff Danny Weeks's alleged use of Reglan® or generic metoclopramide.   On that basis, Defendants deny the remaining allegations in Paragraph 41.

42.     Defendants deny the allegations in Paragraph 42.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants or Plaintiff Danny Week's alleged use of Reglan® or generic metoclopramide. On that basis, Defendants deny the remaining allegations in Paragraph 42.

43.     Defendants admit that at certain times Wyeth, individually and/or through its unincorporated divisions or wholly owned subsidiaries, manufactured and distributed Reglan® and generic metoclopramide.   Except as so admitted, Defendants deny the allegations in Paragraph against them in Paragraph 43.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 43.

44.     Defendants deny the allegations against them in Paragraph 44.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 44.

45.     Defendants admit that on February 26, 2009, the United States Food and Drug Administration issued an FDA News release entitled "FDA Requires Boxed Warning and Risk Mitigation Strategy for Metoclopramide-Containing Drugs."  Defendants further admit that the release speaks for itself and deny any characterization. Except as so admitted, Defendants deny the allegations against them in Paragraph 45.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 45.

46.     Defendants admit that on February 26, 2009, the United States Food and Drug Administration issued an FDA News release entitled "FDA Requires Boxed Warning and Risk Mitigation Strategy for Metoclopramide-Containing Drugs."  Defendants further admit that the release speaks for itself and deny any characterization. Except as so admitted, Defendants deny the allegations in Paragraph 46.

## PLAINTIFFS' ALLEGATIONS OF WRONGFUL CONDUCT BY EACH DEFENDANT INDIVIDUALLY

47.     Defendants admit that A. H. Robins Company, Inc. obtained FDA approval to market and distribute Reglan® in 1979.  Defendants further admit that at certain times Wyeth, individually and/or through its unincorporated divisions or wholly owned subsidiaries, manufactured and distributed Reglan® and generic metoclopramide.  Except as so admitted, Defendants deny the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

49.     The allegations in Paragraph 49 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that A.H. Robins Company, Inc. was acquired out of bankruptcy by American Home Products Corporation ("AHPC").

Defendants further admit that A.H. Robins Company, Inc. was merged into AHPC and ceased to exist as a separate entity.  Defendants further admit that AHPC changed its name to Wyeth on March 11, 2002.  Except as so admitted, Defendants deny the allegations in Paragraph 49.

50.     Defendants admit that on or about December 27, 2001, Wyeth entered into an asset purchase agreement with Schwarz Pharma, Inc.  Defendants state that the agreement speaks for itself and deny any characterization.  Except as so admitted, Defendants deny the allegations against them in Paragraph 50.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 50.

51.     Defendants admit that Reglan® and metoclopramide are prescription drugs approved for use in accordance with FDA-approved prescribing information.  Defendants admit that the FDA approved the prescribing information that accompanied the Reglan® and generic metoclopramide manufactured and distributed by Wyeth and/or its unincorporated divisions or wholly-owned subsidiaries.  Defendants further admit that the FDA-approved prescribing information has been published in the Physicians' Desk Reference.  Except as so admitted, Defendants deny the allegations against them in Paragraph 51.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 51.

52.     Defendants admit that at certain times Wyeth, individually and/or through its unincorporated divisions or wholly owned subsidiaries, manufactured and distributed Reglan® and generic metoclopramide.  Except as so admitted, Defendants deny the allegations against them in Paragraph 52.  Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 52.

53.     Defendants admit that Reglan® and generic metoclopramide are prescription drugs approved for use in accordance with the FDA-approved prescribing information. Defendants further admit that the FDA approved the prescribing information that accompanied the Reglan® and generic metoclopramide manufactured and distributed by Wyeth and/or its unincorporated divisions or wholly-owned subsidiaries.  Defendants admit that the FDA-approved prescribing information identifies the side-effects associated with Reglan® and/or metoclopramide.  Defendants further admit that the FDA-approved prescribing information speaks for itself and deny any characterization.  Except as so admitted, Defendants deny the allegations in Paragraph 53.

54.     Defendants admit that the FDA-approved prescribing information identifies the side-effects associated with Reglan® and/or metoclopramide.  Defendants further admit that this information speaks for itself and deny any characterization.  Except as so admitted, Defendants deny the allegations against them in Paragraph 54.  Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning other defendants. On that basis, Defendants deny the remaining allegations in Paragraph 54.

55.     Defendants admit that the FDA-approved prescribing information identifies the side-effects associated with Reglan® and/or metoclopramide.  Defendants further admit that this information speaks for itself and deny any characterization.  Except as so admitted, Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants admit that at certain times Wyeth, individually and/or through its unincorporated divisions or wholly owned subsidiaries, manufactured and distributed Reglan® and generic metoclopramide.     Defendants further admit that Reglan® and generic metoclopramide are prescription drugs approved for use in accordance with the FDA-approved prescribing information.   Defendants further admit that the FDA approved the prescribing information that accompanied the Reglan® and generic metoclopramide manufactured and distributed by Wyeth and/or its unincorporated divisions or wholly-owned subsidiaries.  Except as so admitted, Defendants deny the allegations in Paragraph 57.

58.     The allegations in Paragraph 58 are legal conclusions to which no response is required.   To the extent a response is required, Defendants admit that Wyeth complied with applicable FDA rules and regulations and that such rules and regulations speak for themselves. Except as so admitted, Defendants deny the allegations in Paragraph 58.

59.     The allegations in Paragraph 59 are legal conclusions to which no response is required.   To the extent a response is required, Defendants admit that Wyeth complied with applicable FDA rules and regulations and that such rules and regulations speak for themselves. Except as so admitted, Defendants deny the allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60.

61.     Defendants deny the allegations in Paragraph 61.

62.     Defendants admit that on or about December 27, 2001, Wyeth entered into an asset purchase agreement with Schwarz Pharma, Inc.  Defendants state that the agreement speaks for itself and deny any characterization.  Except as so admitted, Defendants deny the allegations against them in Paragraph 62.  Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 62.

63.     The allegations in Paragraph 63 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that on or about December 27, 2001, Wyeth entered into an asset purchase agreement with Schwarz Pharma, Inc.  Defendants state that the agreement speaks for itself and deny any characterization.  Except as so admitted, Defendants deny the allegations against them in Paragraph 63.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 63.

64.     Defendants deny the allegations against them in Paragraph 64.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 64.

65.     Defendants deny the allegations against them in Paragraph 65.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 65.

66.     Defendants deny the allegations against them in Paragraph 66.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 66.

67.     Defendants deny the allegations against them in Paragraph 67.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 67.

68.     Defendants deny the allegations against them in Paragraph 68.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 68.

69.     Defendants deny the allegations against them in Paragraph 69.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 69.

70.     Defendants deny the allegations against them in Paragraph 70, including its subparts.  Defendants state the referenced articles speak for themselves and deny any characterization.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 70.

71.     Defendants deny the allegations against them in Paragraph 71.  Defendants state the referenced studies speak for themselves and deny any characterization.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 71.

72.     The allegations in Paragraph 72 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Wyeth complied with applicable FDA rules and regulations and that such rules and regulations speak for themselves. Except as so admitted, Defendants deny the allegations against them in Paragraph 72. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 72.

73.     Defendants deny the allegations against them in Paragraph 73.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 73.

74.     Defendants deny the allegations against them in Paragraph 74.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 74.

75.     Defendants deny the allegations against them in Paragraph 75.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 75.

76.     Defendants deny the allegations against them in Paragraph 76.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations

concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 76.

77.     Defendants deny the allegations against them in Paragraph 77.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 77.

78.     Defendants deny the allegations against them in Paragraph 78.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 78.

79.     Defendants deny the allegations against them in Paragraph 79.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 79.

80.     Defendants deny the allegations against them in Paragraph 80.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 80.

81.     Defendants deny the allegations against them in Paragraph 81.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 81.

82.    Defendants deny the allegations against them in Paragraph 82.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 82.

83.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  The remaining allegations in Paragraph 83 are a statement of definition to which no response is required,  On that basis, Defendants deny the allegations in Paragraph 83.

84.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84.  On that basis, Defendants deny the allegations in Paragraph 84.

85.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the allegations in Paragraph 85.

86.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the allegations in Paragraph 86.

87.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the allegations in Paragraph 87.

88.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the allegations in Paragraph 88.

89.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the allegations in Paragraph 89.

90.     The allegations in Paragraph 90 are legal conclusions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the allegations in Paragraph 90.

91.     The allegations in Paragraph 91 are legal conclusions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the allegations in Paragraph 91.

92.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the allegations in Paragraph 92.

93.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the allegations in Paragraph 93.

94.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the allegations in Paragraph 94.

95.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the allegations in Paragraph 95.

96.     Defendants deny the allegations against them in Paragraph 96.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 96.

97.     Defendants deny the allegations against them in Paragraph 98.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 97.

98.     The allegations in Paragraph 97 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations against them in Paragraph 98.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98.  On that basis, Defendants deny the remaining allegations in Paragraph 98.

### PLAINTIFFS' COUNTS

99.     As to the allegations incorporated in Paragraph 99, Defendants incorporate their prior responses as if fully set forth herein.

100.    Defendants deny the allegations against them in Paragraph 100.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 100.

## COUNT 1 – STRICT LIABILITY

101.–113.     Plaintiffs have voluntarily dismissed this count against Wyeth and Pfizer. *See* Doc. 53.  As such, no response is required from Defendants to the allegations in Paragraphs 101–13.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the allegations in Paragraphs 101–13.

## COUNT II – NEGLIGENCE

114.–121.     Plaintiffs have voluntarily dismissed this count against Wyeth and Pfizer. *See* Doc. 53.  As such, no response is required from Defendants to the allegations in Paragraphs 114–21.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the allegations in Paragraphs 114–21.

## COUNT III – BREACH OF IMPLIED WARRANTY

122.–127.     Plaintiffs have voluntarily dismissed this count against Wyeth and Pfizer. *See* Doc. 53.  As such, no response is required from Defendants to the allegations in Paragraphs 122–27.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the allegations in Paragraphs 122–27.

## COUNT IV – BREACH OF EXPRESS WARRANTY

128.–136.      Plaintiffs have voluntarily dismissed this count against Wyeth and Pfizer. *See* Doc. 53.  As such, no response is required from Defendants to the allegations in Paragraphs 128–36.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the allegations in Paragraphs 128–36.

## COUNT V – FRAUD BY MISREPRESENTATION

137.      As to the allegations incorporated in Paragraph 137, Defendants incorporate their prior responses as if fully set forth herein.

138.      The allegations in Paragraph 138 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations against them in Paragraph 138.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 138.

139.      Defendants deny the allegations against them in Paragraph 139.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 139.

140.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140.  On that basis, Defendants deny the allegations in Paragraph 140.

141.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141.  On that basis, Defendants deny the allegations in Paragraph 141.

142.    Defendants deny the allegations against them in Paragraph 142.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 142.

## COUNT VI – FRAUD BY CONCEALMENT, SUPPRESSION, OR OMISSION OF MATERIAL FACTS

143.    As to the allegations incorporated in Paragraph 143, Defendants incorporate their prior responses as if fully set forth herein.

144.    Defendants admit that the FDA-approved prescribing information identifies the side effects associated with Reglan® and/or metoclopramide.  Defendants further admit that this information speaks for itself and deny any characterization.  Except as so admitted, Defendants deny the allegations against them in Paragraph 144.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 144.

145.    Defendants admit that the FDA-approved prescribing information identifies the side effects associated with Reglan® and/or metoclopramide.  Defendants further admit that this information speaks for itself and deny any characterization.  Except as so admitted, Defendants deny the allegations against them in Paragraph 145.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 145.

146.    Defendants admit that the FDA-approved prescribing information identifies the side effects associated with Reglan® and/or metoclopramide.  Defendants further admit that this information speaks for itself and deny any characterization.  Except as so admitted, Defendants deny the allegations against them in Paragraph 146.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 146.

147.    Defendants deny the allegations against them in Paragraph 147.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 147.

148.    Defendants deny the allegations against them in Paragraph 148.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 148.

149.    Defendants deny the allegations against them in Paragraph 149.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 149.

150.    The allegations in Paragraph 150 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations against them in Paragraph 150.  Defendants are without knowledge or information sufficient to form a belief as

to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 150.

151.     Defendants admit that the FDA-approved prescribing information identifies the side effects associated with Reglan® and/or metoclopramide.  Defendants further admit that this information speaks for itself and deny any characterization.  Except as so admitted, Defendants deny the allegations against them in Paragraph 151.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 151.

152.     Defendants deny the allegations against them in Paragraph 152.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 152.

153.     Defendants deny the allegations against them in Paragraph 153.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 153.  On that basis, Defendants deny the remaining allegations in Paragraph 153.

154.     Defendants deny the allegations against them in Paragraph 154.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 154.  On that basis, Defendants deny the remaining allegations in Paragraph 154.

## COUNT VII – FAILURE TO ADEQUATELY WARN

155.    As to the allegations incorporated in Paragraph 155, Defendants incorporate their prior responses as if fully set forth herein.

156.    The allegations in Paragraph 156 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit they complied with applicable FDA rules and regulations and such rules and regulations speak for themselves.  Defendants further admit that the FDA-approved prescribing information identifies the side-effects associated with Reglan® and/or metoclopramide.  Defendants admit that this information speaks for itself and deny any characterization.  Except as so admitted, Defendants deny the allegations against them in Paragraph 156.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 156.

157.    The allegations in Paragraph 157 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit they complied with applicable FDA rules and regulations and such rules and regulations speak for themselves.  Defendants further admit that the FDA-approved prescribing information identifies the side-effects associated with Reglan® and/or metoclopramide.  Defendants admit that this information speaks for itself and deny any characterization.  Except as so admitted, Defendants deny the allegations against them in Paragraph 157.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 157.

158.    The allegations in Paragraph 158 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit they complied with applicable

FDA rules and regulations and such rules and regulations speak for themselves.  Defendants further admit that the FDA-approved prescribing information identifies the side-effects associated with Reglan® and/or metoclopramide.  Defendants admit that this information speaks for itself and deny any characterization.  Except as so admitted, Defendants deny the allegations against them in Paragraph 158.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 158.

159.    The allegations in Paragraph 159 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that they complied with applicable FDA rules and regulations and that such rules and regulations speak for themselves.  Except as so admitted, Defendants deny the allegations against them in Paragraph 159, including its subparts.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 159, including its subparts.

160.    The allegations in Paragraph 160 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Wyeth complied with applicable FDA rules and regulations and that such rules and regulations speak for themselves.  Except as so admitted, Defendants deny the allegations against them in Paragraph 160.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.  On that basis, Defendants deny the remaining allegations in Paragraph 160.

161.    Defendants deny the allegations against them in Paragraph 161.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 161.

## COUNT VIII – LOSS OF CONSORTIUM

162.    The allegations in Paragraph 162 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations against them in Paragraph 162 and further deny that Plaintiff is entitled to the relief requested.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 162.

163.    The allegations in Paragraph 163 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations against them in Paragraph 163.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 163.  On that basis, Defendants deny the remaining allegations in Paragraph 163.

## COUNT IX – JOINT AND SEVERAL LIABILITY OF ALL DEFENDANTS

164.    As to the allegations incorporated in Paragraph 164, Defendants incorporate their prior responses as if fully set forth herein.

165.    Defendants deny the allegations against them in Paragraph 165.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations

concerning other defendants.   On that basis, Defendants deny the remaining allegations in Paragraph 165.

## AD DAMNUM CLAUSE

By reason of the foregoing, Defendants deny the allegations against them and further deny that Plaintiffs are entitled to the relief requested.  Defendants deny the allegations against them in the Ad Damnum paragraph and deny that Plaintiffs are entitled to exemplary and punitive damages.

WHEREFORE, Defendants respectfully request dismissal of Plaintiff's claims and an award of costs, interests, fees and such other and further relief as the Court deems necessary and proper.

1.      Defendants deny that they are liable to the Plaintiffs for the alleged physical injuries.  Defendants further deny that Plaintiffs are entitled to the relief requested.

2.      Defendants deny that they are liable to the Plaintiffs for any expenses or economic losses, including those specified in this Paragraph.   Defendants further deny that Plaintiffs are entitled to the relief requested.

3.      Defendants deny that Plaintiffs are entitled to punitive damages.

4.      Defendants deny that Plaintiffs are entitled to "attorney fees and costs and expenses incurred in connection with the litigation of this matter."

5.      Defendants deny that Plaintiffs are entitled to any relief.

6.      Defendants deny that Plaintiffs are entitled to any "just, proper, and equitable" relief.

Any allegation heretofore neither admitted nor denied is now hereby expressly denied.

## AFFIRMATIVE DEFENSES

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiffs, the Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim against Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the doctrine(s) contained in Restatement (Second) of Torts, including but not limited to § 402A, Comment k, and/or Restatement (Third) of Torts: Products Liability, including but not limited to § 6. Plaintiffs' claims are also governed, in whole or in part, by Sections 2 and 4 of the Restatement (Third) of Torts (including the comments thereto) because Defendants complied with all applicable statutes and with the requirements and regulations of the Food and Drug Administration.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by misuse or unintended use of metoclopramide after the product left the control of Defendants and any liability of Defendants is therefore barred.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the "learned intermediary" or "informed intermediary" doctrine.

31

<u>FIFTH AFFIRMATIVE DEFENSE</u>

The duty to obtain Plaintiff's informed consent prior to prescribing the product at issue along or in combination with any other drug(s) rested solely with the prescribing physician.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' alleged damages were solely, partially or proximately caused, in whole or in part, by the intervening or superseding conduct of plaintiffs, independent third parties, or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from Defendants' conduct or control.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred by reason of Plaintiffs' failure to mitigate the alleged damages or losses.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims must be dismissed because Plaintiff would have taken the product at issue even if the product labeling contained the information that Plaintiffs contends should have been provided.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims must be dismissed because Plaintiff's physicians would have prescribed the product at issue even if the product labeling contained the information that Plaintiffs contend should have been provided.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred, in whole or part, because Plaintiffs did not incur any ascertainable loss as a result of Defendants' conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are barred by payments received from collateral sources.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs' alleged injuries were caused, in whole or in part, by negligence, fault, or wrongful conduct of plaintiffs or third parties, and Plaintiffs' claims are subject to the doctrines of comparative fault, proportionate responsibility and contributory negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs settle with any other person or entity, then Defendants reserve the right to make a written election of credit for settlement.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of, or product manufactured or placed in the stream of commerce by, Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are subject to an offset in the amount of any reimbursement received by Plaintiffs because of any or other health benefits plan, or any amounts paid for by any insurance or other health benefits plan or any other collateral source.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any injuries or damages allegedly sustained were caused by a preexisting, subsequent, natural and/or unrelated medical

condition, disease, or illness that is unrelated to any conduct of, or product manufactured or placed in the stream of commerce by, Defendants.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because metoclopramide was designed, manufactured, and marketed in accordance with the state of the art.  When metoclopramide left the control of Wyeth, no practical and technically feasible alternative formulation was available that would have prevented the harm for which plaintiff seeks to recover without substantially impairing the safety, efficacy, or usefulness of the product for its intended use.

EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the product at issue was at all times reasonably safe and reasonably fit for its intended use and adequate warnings were given of all known or reasonably knowable risks associated with the use of metoclopramide.

NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because metoclopramide is comprehensively regulated by the United States Food and Drug Administration ("FDA") pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.,* and regulations promulgated there under, and plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying metoclopramide. Moreover, the activities of Defendants alleged in Plaintiffs' complaint conformed with all federal statutes, regulations, and industry standards based upon the state of knowledge existing at the

34

relevant time alleged in Plaintiffs' complaint. Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that common law gives deference to discretionary actions by the FDA under the Federal Food, Drug, and Cosmetic Act. Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

TWENTIETH AFFIRMATIVE DEFENSE

In the absence of proof by Plaintiffs that the product used by Plaintiff was made or distributed by Defendants, Defendants may not be held liable for any claim herein.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, under the doctrine of primary jurisdiction, in that the pertinent conduct of Defendants and all their activities with respect to the subject product metoclopramide have been and are conducted under the supervision of the United States Food and Drug Administration.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages violate the Commerce Clause of Article I; Section 8 of the United State Constitution; the Contracts Clause of Article I, Section 10 of the United States Constitution; the prohibition against ex post facto laws embodied in Article I, Section 10 of the United State Constitution; the Full Faith and Credit Clause of Article IV, Section 1 of the United State Constitution; the Supremacy Clause of Article VI of the United States Constitution; the Free Speech Clause of the First Amendment of the United States Constitution; the Takings Clause of the Fifth Amendment of the United State Constitution; the Right to Counsel of the Sixth Amendment of the United States Constitution; the Right to Trial by Jury contained in the

Seventh Amendment of the United States Constitution; and the Excessive Fines and Penalties clause of the Eighth Amendment and the Fourteenth Amendment to the United States Constitution. These claims also violate Defendants' due process and equal protection rights guaranteed by the Fifth Amendment to the United States Constitution, and by provisions of the Alabama Constitution.

TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their failure to comply with conditions precedent to their right to recover.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs impermissibly seek to impose liability on conduct protected from liability by the First Amendment to the United States Constitution, and by the Constitution of the State of Alabama.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' fraud and misrepresentation-based claims are barred because they are not stated with particularity as required by the applicable Federal Rules of Civil Procedure.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, under the doctrines of laches, waiver, unclean hands, estoppel and/or statutory and regulatory compliance.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, under the applicable statutes of limitation and/or statutes of repose.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants expressly deny that any third party engaging in the acts alleged by Plaintiffs were acting as Defendants' agent or servant, at the instruction of Defendants, or within their control. Therefore, Plaintiffs' claims, to the extent they seek to recover for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

No act or omission of Defendants was malicious, willful, wanton, reckless, grossly negligent or intentional and, therefore, any award of punitive damages is barred.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are in violation of Defendants' state and federal constitutional rights, including Defendants' rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and similar provisions of the Constitution, law, public policies, and statutes of Alabama or any other State or Commonwealth of the United States whose laws might be deemed controlling in this case.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are in violation of Defendants' rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution; and similar provisions in the Constitution, laws, public policies, and statutes of Alabama or any other State or Commonwealth of the United States whose laws might be deemed controlling in this case, insofar as such damages are awarded by a jury or other fact-finder that: (a) is not provided with a

standard of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award; (b) is not adequately and clearly instructed on the limits of punitive damages imposed by the applicable principles of deference and punishment; (c) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of Defendants; (d) is permitted to award punitive damages under a standard for determining liability for such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (e) is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards.

THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are in violation of Defendants' rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution; and similar provisions in the Constitution, laws, public policies, and statutes of Alabama or any other State or Commonwealth of the United States whose laws might be deemed controlling in this case, insofar as such damages are (a) imposed and determined without bifurcating the trial and trying all punitive damages issues only if and after the liability of Defendants has been found on the merits, and (b) imposed and determined based on anything other than Defendants' conduct in connection with the sale of the product alleged in this litigation, or in any other way subjecting Defendants to impermissible multiple punishments for the same alleged wrong.

<u>THIRTY-THIRD AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims for punitive damages are barred because metoclopramide and its labeling were subject to and received pre-market approval by the FDA.

<u>THIRTY-FOURTH AFFIRMATIVE DEFENSE</u>

Any punitive damages that Plaintiffs may recover in this case should be capped in keeping with Alabama Code § 6-11-21, as amended in 1999 (Act No. 99-358) and in the spirit of the Alabama Supreme Court's decision in *Oliver v. Towns*, 738 So. 2d 798 (Ala. 1999).

<u>THIRTY-FIFTH AFFIRMATIVE DEFENSE</u>

The demand for punitive damages in the instant case is subject to the limitations established by the Alabama legislature and set forth in *Ala. Code* § 6-11-21 (1975). Defendants adopt by reference the defenses, criteria, limitations, and standards mandated by this Alabama statute. The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect. *See Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 114 S. Ct. 2331, 2340 n.9 (1994). Defendants aver that the punitive damages cap set out in Ala. Code § 6-11-21 applies to the instant case. *See Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001).

With respect to Plaintiffs' demand for punitive damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of such damage awards set forth in the decisions of *BMW v. Gore,* 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.* 121 S. Ct. 1678, 1684085 (2001), *State Farm Mut. Auto Ins. Co. v. Campbell,* 538 U.S. 408 (2003), and *Philip Morris USA v. Williams,* 549 U.S. 346, 127 S. Ct. 1057 (2007).

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendants adopt the terms of any applicable legislative act or Alabama Supreme Court decision which now or hereafter precludes punitive damages or limits the amount of punitive damages that can be recovered in an action at law in Alabama.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs lack privity with Defendants.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants adopt and incorporate by reference any affirmative defense asserted by any other defendant to this action, to the extent such affirmative defense applies to Defendants.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendants affirmatively deny that Defendants violated any duty owed to Plaintiffs or to Plaintiff's physicians or to any other third-party.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, if Plaintiff ingested the metoclopramide in a manner other than that described in Reglan® or metoclopramide's instructions for use.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs knew or should have known of any risk associated with the product at issue; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in part or in whole by Plaintiff's failure to heed warnings and/or failure to follow instructions.

FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' breach of warranty claims are barred as there was no reliance on representations (if any) made by Defendants.

FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because any warranties, if made, are excluded through course of dealing, course of performance, and/or usage of trade.

FORTY-SIXTH AFFIRMATIVE DEFENSE

Defendants assert the defenses of expiration, limitation, and exclusion to any applicable express or implied warranty, if any be proved.

FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of negligent misrepresentation are barred because any alleged misrepresentation on which Plaintiffs relied did not constitute a misrepresentation of material facts.

FORTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants aver that Defendants did not participate in, authorize, ratify, or benefit from the alleged misrepresentations or wrongful acts that are asserted in the Complaint.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs may not assert a claim against Defendants for negligent misrepresentation as Plaintiffs did not suffer a pecuniary loss as a result of any alleged misrepresentation by Defendants.

## FIFTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims of negligent misrepresentation are barred by the failure of Plaintiffs or Plaintiffs' physicians to justifiably rely on any alleged misrepresentation by Defendants.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

The product at issue was not in a defective condition or unreasonably dangerous, at the time it left the control of the manufacturer or seller.  Plaintiffs' causes of action are barred in whole or in part by the lack of defect, as the product allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the utility of the product at issue outweighed its risks and because Plaintiffs cannot establish a safer alternative design.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged defect was not known or reasonably scientifically knowable at the time the product was a distributed.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the product at issue within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted, modified, and/or limited, in whole or in part, by state and/or federal law.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims also are preempted under *Buckman Co. v. Plaintiff's Legal Comm.,* 531 U.S. 341 (2001), including any claim based in whole or in part on:

a.      any allegation of negligence per se or that Defendants violated federal regulations, including regulations promulgated or enforced by the Food and Drug Administration;

b.      any allegation that Defendants committed "fraud" on, or otherwise misled, made misrepresentations to, concealed material from, or violated reporting requirements imposed by any agency of the federal government, including the Food and Drug Administration;

c.      any allegation that Defendants product was not "safe and effective" or that the risks of the product outweighed its benefits;

d.      any allegation that Defendants failed to give Plaintiffs' healthcare providers adequate warnings concerning the risks associated with the product at issue; and/or

e.      any allegation that, if accepted, would impose standards of care in addition to, or different from, those imposed by federal law, including federal regulations promulgated by the Food and Drug Administration.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is in violation of Article 1, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public polices of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

a.      There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, Defendants have not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform its conduct accordingly;

b.      The procedures to be followed would permit an award of punitive damages against Defendants upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

c.      The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

d.      There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against Defendants under present Alabama law;

e.       The standards of conduct upon which punitive damages are sought against Defendants are vague and ambiguous;

f.      The procedures used by courts under Alabama law and guidelines given to jurors, jointly and severally, are vague and ambiguous and thus, impermissibly allow

jurors broad, unlimited and undefined power to make determinations on their notions of what the law should be instead of what it is;

g.    The procedures used by courts under Alabama law and guidelines given to jurors, jointly and severally, are vague and ambiguous and thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

h.    Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

i.    Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

j.    Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court for the imposition of punitive damages by a jury or of the amount of any punitive damages award by a jury;

k.    Present Alabama procedures fail to provide a constitutionally reasonable limit on the amount of punitive damages awarded against Defendants;

l.    Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

m.    Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability; and

n.    An award of punitive damages would compensate Plaintiffs for elements of damage not otherwise recognized by Alabama law.

Moreover, any award of punitive damages in the circumstances of this case would violate Defendants' due process rights as embraced by the Due Process Clause of Article 1, Section 6 and/or 13 and/or 22 of the Alabama Constitution, jointly and severally, as such award would constitute a deprivation of property without due process of law for the following reasons:

a.      There is no rational relationship between the punitive damage awards in Alabama and the wrongfulness of a defendant's conduct and/or the compensatory damages awarded;

b.      No rational relationship exists between the extent of punitive damages and legitimate interests to be advanced by the State of Alabama;

c.      An award of punitive damages in this case would be penal in nature and, thus, would violate Defendants' constitutional rights under the United States and/or Alabama Constitutions unless Defendants are granted the procedural safeguards afforded criminal defendants including without limitation safeguards against self-incrimination and a heightened standard of proof;

d.      The award of punitive damages on the basis of vicarious liability for the conduct of others violates Defendants' constitutional rights.

In addition, any award of punitive damages in this case would violate Defendants' rights under Article 1, Section 22 of the Alabama Constitution in that it would impair the contractual obligations of the parties to this litigation.

FIFTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent that any demand by Plaintiffs for punitive damages may result in multiple punitive damage award being assessed for the same act or omission against Defendant, this

award contravenes Defendants' rights to due process under Article 1, Section 13 of the Alabama Constitution. In addition, such awards would infringe upon Defendant's rights against double jeopardy insured by the Fifth Amendment to the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution. Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of such damage awards set forth in the decisions of *Green Oil Co. v. Hornsby*, 539 So. 2d 218 (Ala. 1989) and *Hammond v. City of Gadsden*, 493 So. 2d 1374 (Ala. 1986).

<u>FIFTY-NINTH AFFIRMATIVE DEFENSE</u>

Plaintiffs have failed to allege conduct warranting imposition of punitive damages.

<u>SIXTIETH AFFIRMATIVE DEFENSE</u>

Plaintiffs' alleged damages, if any, were the result, in whole or in part, of an unavoidable accident, idiosyncratic reaction, operation or nature or act of God that Defendants could not reasonably foresee.

<u>SIXTY-FIRST AFFIRMATIVE DEFENSE</u>

Defendants deny making any express or implied warranties to Plaintiffs. In the alternative, Defendants allege that any and all warranties that may form a basis for Plaintiffs' claims were adequately disclaimed. In the alternative, Plaintiffs failed to give timely notice of the breach of warranty claims, pursuant to applicable state law and Plaintiffs are therefore barred from any recovery in this action.

<u>SIXTY-SECOND AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims for breach of warranty, express or implied, are barred by the applicable provisions of the applicable state's Uniform Commercial Code.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

No act or omission of Defendants was malicious, willful, wanton, reckless, or grossly negligent, and therefore, any award of punitive damages is barred.

## SIXTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint seeks damages in excess of those permitted by law. Defendants assert any statutory or judicial protection from punitive or exemplary damages which is available under the applicable law, and any award of punitive or exemplary damages is barred.

## SIXTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the doctrines of res judicata and/or collateral estoppel.

## SIXTY-SIXTH AFFIRMATIVE DEFENSE

Plainitffs' claims for fraud and misrepresentation are barred because any alleged warning provided by Defendants to Plaintiffs' physicians concerning brand-name Reglan® were not intended to induce those physicians to prescribe generic metoclopramide, and Plaintiff, as a consumer of generic metoclopramide, was not within the class of persons with whom Defendants intended to communicate.

## SIXTY-SEVENTH AFFIRMATIVE DEFENSE

The Alabama Extended Manufacturer's Liability Doctrine subsumes Plaintiffs' common law claims.

## SIXTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend, or to seek leave to amend, their Answer and Separate and Affirmative Defenses as the investigation and discovery of the case proceeds or as

may become available upon a determination of the law applicable to Plaintiffs' claims or any part of their claims.  Upon completion of discovery, Defendants reserve the right to amend their Answer and Separate and Affirmative Defenses to assert additional claims or defenses as warranted by the applicable evidence.

SIXTY-NINTH AFFIRMATIVE DEFENSE

Defendants reserve the right to raise the defense of improper venue in the event it is determined that venue is inappropriate in this action.

SEVENTIETH AFFIRMATIVE DEFENSE

Defendants adopt by reference any applicable defense pleaded by any other defendant not expressly set forth herein.

**JURY DEMAND**

Defendants hereby demand a trial by jury.

WHEREFORE, Defendants respectfully request dismissal of Plaintiffs' claims and an award of costs, interests, fees and such other and further relief as the Court deems necessary and proper.

/s/ George R. Parker
Philip H. Butler (BUT007)
pbutler@babc.com
George R. Parker (PAR086)
gparker@babc.com

*Attorneys for Defendants Pfizer Inc., Wyeth LLC and Wyeth Pharmaceuticals Inc.*

OF COUNSEL:

BRADLEY ARANT BOULT CUMMINGS LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
334-956-7700

Lindsey C Boney IV (BON031)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL  35203
205-521-8000
lboney@babc.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2011, the foregoing was filed with the Clerk of the Court and served in accordance with the Court's Rules on Electronic Service upon the following parties and participants:

**William L Bross, IV**
Heninger Garrison Davis, L.L.C.
2224 1st Avenue North
Birmingham, AL 35203
wlbross@hgdlawfirm.com

**Steven Frank Casey**
Balch & Bingham
P O Box 306
Birmingham, AL 35201-0306
scasey@balch.com

**Richard A. Dean**
Tucker, Ellis & West LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH 44115
rdean@tuckerellis.com

**Hugh M. Stanley**
Tucker Ellis & West LLP
1150 Huntington Bldg
925 Euclid Ave.
Cleveland, OH 44115
hstanley@tuckerellis.com

**William Lewis Garrison, Jr.**
Heninger Garrison Davis, L.L.C.
PO Box 11310 2224
1st Avenue North Birmingham, AL 35202
wlgarrison@hgdlawfirm.com

**William Christopher Waller, Jr.**
Ball, Ball, Matthews & Novak, P.A.
PO BOX 2148
Montgomery, AL 36102-2148
cwaller@ball-ball.com

**Christopher Boyce Hood**
Heninger Garrison Davis LLC
2224 1st Ave. N.
Birmingham, AL 35203
chood@hgdlawfirm.com

**Christopher Gadsden Hume, III**
Miller Hamilton Snider & Odom
254 State Street
Mobile, AL 36603
chume@ball-ball.com

**Richard Oetheimer**
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
roetheimer@goodwinprocter.com

**Jonathan I Price**
Goodwin Procter LLP
The New York Times Building
620 Eight Avenue
New York, NY 10018
jprice@goodwinprocter.com

**Frederick George Helmsing, Jr.**
McDowell, Knight, Roedder & Sledge, L.L.C.
Post Office Box 350
Mobile, AL 36601-0350
fhelmsing@mcdowellknight.com

**Andrew J. Calica**
**Henninger S. Bullock**
Mayer Brown, LLP
1675 Broadway
New York, NY 10019
acalica@mayerbrown.com
hbullock@mayerbrown.com

_____/s/ Lindsey C Boney IV_____
OF COUNSEL